---

(No. 15820.—Judgment affirmed.)

E. S. McMɪʟʟᴀɴ *et al. vs.* Jᴏsᴇᴘʜ P. Cᴀsᴇʏ Cᴏᴍᴘᴀɴʏ *et al.*—(Cʜᴀsᴇ Hᴀʀᴅɪɴɢ *et al.* Appellants, *vs.* Tʜᴇ Rᴀɴᴋɪɴ-Wʜɪᴛʜᴀᴍ Sᴛᴀᴛᴇ Bᴀɴᴋ, Appellee.)

*Opinion filed April 14, 1924.*

1. Mᴇᴄʜᴀɴɪᴄs' ʟɪᴇɴs—*section 23 of Mechanic's Lien act does not give lien on public improvement.* Section 23 of the Mechanic's Lien act, giving a lien to one who furnishes material to a contractor for a public improvement, does not attach a lien to the improvement itself but only gives a lien on the fund due or to become due to the contractor, as it is against public policy for an improvement in which the public is interested to be subject to a mechanic's lien.

2. Sᴀᴍᴇ—*section 1 of Mechanic's Lien act construed.* As to improvements of private property, section 1 of the Mechanic's Lien act gives a lien for labor or material which has entered into or contributed to the production or was permanently furnished for the improvement upon which the lien is impressed, but the lien is not given for material or machinery which has not become and is not intended to become the property of the owner of the improvement but belongs to the contractor who furnished it.

3. Sᴀᴍᴇ—*section 23 gives lien only for material which enters into the public improvement.* Section 23 of the Mechanic's Lien act, giving a lien for material furnished a contractor making a public improvement, gives a lien only for material which enters into and becomes a part of the improvement, as it is presumed that materials and tools furnished the contractor and kept by him are furnished upon his own credit as a part of his working equipment and are not furnished upon the implied credit of the public.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. Walter Brewer, Judge, presiding.

Acton, Acton & Snyder, for appellants.

Rearick & Meeks, for appellee.

Mr. Justice Carter delivered the opinion of the court:

A bill of complaint was filed by E. S. and R. E. McMillan, as co-partners, the purpose of which was the enforcing of a mechanic's lien by them, as sub-contractors, for a claimed balance of $2876.65 for grading and excavating on a public highway in Vermilion county being constructed by the Joseph P. Casey Company, incorporated, under contract with the county. Answers were filed by several defendants, and certain other claimants filed cross-bills. The Mid-Western Company, one of the cross-complainants, in its cross-bill claimed a lien as sub-contractor for furnishing the contractor certain machinery, material and tools, amounting to $1360. Chase Harding, assignee of Harding & Slattery, another cross-complainant, claimed a lien for a traction engine, small tools, pumps, well casings, water pipes, expansion joints and other items, the amount of the claim being $2350.72, which claims the trial court in its decree ordered paid by the county. The county of Vermilion and the Rankin-Whitham State Bank, which bank had become an interested party by virtue of an assignment to it by the Casey Company of $10,000 due it under its contract, the bank agreeing to indemnify the county upon the abandonment of the contract by the Casey Company, appealed to the Appellate Court, which reversed the decree of the trial court and remanded the cause. On a petition for rehearing in the Appellate Court it was ordered that a decree be entered on the cross-bill filed by the Mid-Western Company,

reversing the decree of the trial court as to such cross-bill and dismissing the same for want of equity. It was further ordered that the decree of the lower court as to the cross-bill of Harding & Slattery be reversed, and a judgment was entered in the Appellate Court holding that the county of Vermilion was indebted to said cross-complainant in the sum of $450 for expansion joints which had been used in the improvement. Each cross-complainant, the appellants here, was decreed to pay one-half the costs of the appeal. A certificate of importance was granted by the Appellate Court, and the case is now here for further review.

The facts in this record are not in dispute. The case arises out of a contract made by the county of Vermilion on May 14, 1919, with the Casey Company for the construction of hard roads in that county at a price of $36,-902.70, the county to furnish the cement. The Casey Company started work and continued until September 17, 1919, when it abandoned the work and the county declared the contract forfeited. W. M. Cutler was shortly afterwards awarded a contract for finishing the construction of the road, which he did at a cost of $2602.90. On the same day the work was abandoned the Mid-Western Company gave the county notice of its claim for lien. Harding & Slattery served notice on September 25, 1919. When the county finally accepted the road there was a balance due the Casey Company of $16,174.99. Notice of the assignment by the Casey Company to the Rankin-Whitham State Bank was given to the county before the claims for lien had been filed. All claims were apparently settled some time after the original and cross-bills were filed, except those of the two claimants above mentioned, the Mid-Western Company and Harding & Slattery. As heretofore stated, they furnished the contractor certain machinery, materials and tools, and this is the basis of their claims for a lien. None of the material of the Mid-Western Company was consumed in or became a constituent part of the con-

struction of the improvement, and the only part of the material furnished by Harding & Slattery which became a part of the improvement was 4500 feet of expansion joints.

The question for decision here is whether the statute gives a sub-contractor who furnishes material, apparatus or machinery to a contractor having a contract for public improvement a lien for its purchase price, or whether the lien may attach only for whatever becomes a constituent part of the improvement.

Section 23 of the Lien act, under which this proceeding was brought, reads in part as follows: "Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any county * * * in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor under such contract: *Provided,* such person shall, before payment or delivery thereof is made to such contractor, notify the official or officials of the county * * * whose duty it is to pay such contractor of his claim by a written notice: *And, provided further,* that such lien shall attach only to that portion of such money, bonds or warrants against which no voucher or other evidence of indebtedness has been issued and delivered to the contractor by or on behalf of the county * * * at the time of such notice. * * * There shall be no preference between the persons serving such notice, but all shall be paid *pro rata* in proportion to the amount due under their respective contracts." (Smith's Stat. 1923, p. 1287.)

It is against public policy to hold that an improvement in which the public is interested should be subject to a mechanic's lien, or, "in the absence of express provisions to the contrary, that the instrumentalities for carrying on the government should be the subject of seizure and sale for debt." (18 R. C. L. sec. 9, p. 881.) By section 23 of the Lien law as quoted, no lien attaches to the improvement

and it furnishes no security to the parties, but the lien is on the fund due or to become due the contractor. Under section 1 of the Lien act, applicable to private property which is being improved or repaired, the lien is given for furnishing "material, fixtures, apparatus or machinery, forms or formwork used in the process of construction where cement, concrete or like material is used for the purpose of or in the building," etc., and the lien shall not be defeated because of lack of proof that the material, after the delivery thereof, actually entered into the construction of such building or improvement. As to such improvements of private property the lien is given upon the basis that the labor or material has entered into or contributed to the production or was permanently furnished for the improvement upon which the lien is impressed, but is not given for material or machinery which has not become nor is intended to become the property of the owner of the improvement but belongs to the contractor or sub-contractor who furnished it. *Rittenhouse & Embree Co.* v. *Brown & Co.* 254 Ill. 549; *Haas Electric Co.* v. *Amusement Co.* 236 id. 452.

It is contended, however, by appellants that it is the plain wording of section 23, as considered by this court in *Alexander Lumber Co.* v. *Farmer City,* 272 Ill. 264, that as to a public improvement all that is required is that such material, machinery and the like be furnished the contractor, and that in itself is sufficient to give rise to a right for lien for the purchase price, whether it enters into or was furnished for the permanent use of the improvement. We cannot agree with this interpretation of the above decision. In our judgment there was no intention of holding in that opinion that machinery and apparatus, simply because furnished a contractor for public work, could be made the basis of a mechanic's lien regardless of whether it became a constituent part of the improvement. In that case there was a discussion of the purposes for which different materials

were put in the improvement there made, and the statement was made that sections 1 and 23 differ as to their purpose. Even if it be conceded, as argued by counsel for appellants, that one or two small items were allowed in that case which may not have actually entered into the structure, the opinion does not justify the interpretation that, regardless of how the machinery, apparatus or material is used, a lien may be had for the purchase price of the same. The only reason, in our judgment, for a difference in the construction of sections 1 and 23 is, that as under the latter section a public improvement cannot be permitted to be security to a private person, the funds due the contractor are substituted as security. The fact that an improvement is public rather than private can afford no reason for holding that the machinery, equipment and tools are to be regarded in a different manner, unless there is some clear wording in the statute to indicate it. A reference to the first part of section 23 shows that the act entitling a person to a lien is the act of furnishing to the contractor having a contract the items mentioned, without a direct statement that they must be used in the improvement or are furnished for the improvement, as is the case under section 1. In the private improvement the lien is upon the improvement; in the public improvement it is against a fund existing by virtue of a contract, for the compensation of the contractor making the improvement. In the last part of section 23, which provides how the payment from such fund shall be made to the respective lienors, it is expressly provided that the same shall be *pro rata,* in proportion to the amount due under their respective contracts. The section presupposes a contract, express or implied. An express contract would speak for itself and would govern in the *pro rata* distribution of the fund among the persons serving notice. An implied contract would not, under ordinary circumstances, be enlarged to include the purchase price of machinery, equipment and materials the ownership of which the purchaser

or contractor intended to retain. It would seem that generally it would be presumed that a contractor is prepared with machinery and necessary appliances to do his work, and that such items are furnished upon his own credit and as a part of his working equipment and business and are not furnished upon the implied credit of the public. This, we think, is the fair construction of the statute, and seems to be the rule in other jurisdictions where somewhat similar statutes were construed. *Standard Boiler Works* v. *National Surety Co.* 71 Wash. 28; *United States Rubber Co.* v. *Washington Engineering Co.* 86 id. 180; see, also, *Nye-Schneider-Fowler Co.* v. *Bridges, Haye & Co.* 98 Neb. 27; *Kansas City* v. *Youmans*, 213 Mo. 151.

The fact that in section 23 of the Lien act the words used are, "shall furnish * * * to any contractor having a contract for public improvement," while in section 1 the wording is, "used for the purpose of or in the building," is in our judgment of no special significance. We do not think it was intended by the legislature that the fund referred to in section 23 was intended to be the source of indemnity to a contractor or sub-contractor for his working equipment, unless there was a provision in the contract for the public improvement to that effect. There was no such showing here as to the purpose of the contract. There was no attempt to show the value of the use of or injury to the machinery, equipment, appliances or material by the two appellants, except the 4500 feet of expansion joints which became a part of the improvement, and the claim therefor was properly allowed.

Counsel for appellee have raised several other questions in their briefs, but they are satisfied with the decision of the Appellate Court, which is here affirmed. The sole question raised and argued by appellants' counsel is the one that we have here decided.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*