THE STANDARD OIL COMPANY OF INDIANA, Defendant in Error, *vs.* C. C. VANDERBOOM *et al.* Plaintiffs in Error.

*Opinion filed June 22, 1927—Rehearing denied October 5, 1927.*

1. MECHANICS' LIENS—*section 23 provides lien for materials furnished a contractor.* Section 23 of the Mechanic's Lien act plainly provides that any person who furnishes materials to a contractor who has a contract with the State to construct a public improvement shall have a lien on the moneys due the contractor from the State, and it cannot be construed to allow a lien only for materials furnished a contractor for or on the order of the State.

2. SAME—*gas, oil and grease consumed in construction of hard road are lienable.* Parties furnishing a contractor gas, oil and grease which are entirely consumed in the use of machinery in the construction of a State hard road are entitled to a lien, under section 23 of the Mechanic's Lien act, on money due and unpaid and against which no bonds, warrants, vouchers or other evidence of indebtedness have been issued or delivered to the contractor. (*McMillan* v. *Casey Co.* 311 Ill. 584, distinguished.)

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. FREDERICK A. HILL, Judge, presiding.

JOHN L. BREARTON, for plaintiffs in error.

ORR & BRUMUND, and BARR & BARR, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court from the Appellate Court upon petition for *certiorari.* The action was commenced by a bill in equity by defendant in error, the Standard Oil Company of Indiana, to establish a mechanic's lien against money, bonds or warrants in the possession of the State of Illinois, under section 23 of the Mechanic's Lien law.

C. C. Vanderboom & Sons, a co-partnership, (herein-after referred to as the contractors,) had contracts to build

for the State of Illinois two separate sections of hard road. During the progress of the work defendant in error furnished the contractors gasoline, oil and grease to the amount of $3607.92. The gasoline, oil and grease were used in operating motor trucks, concrete mixers and other motor-driven appliances and machinery used in the construction of the road. The contract required the contractors to construct the road and furnish all material, supplies and labor at their own cost and expense. It was stipulated that defendant in error had complied with the requirements of section 23 and that there remained in the State treasury funds against which no voucher or other evidence of indebtedness had been issued. The circuit court found by its decree the amount due and owing to defendant in error from the contractors for gasoline and oil furnished to and used by them and consumed in the operation of the machinery in the construction of the improvement, and decreed that defendant in error have a lien on the funds due from the State to the contractors for the amount due and interest thereon. The decree was affirmed by the Appellate Court.

The question presented is whether gasoline, oil and grease sold and delivered by defendant in error to the contractors and used in operating trucks, concrete mixers and machinery by them, but which did not become a part of the completed improvement, are lienable under section 23.

Section 1 of the Mechanic's Lien law provides for a lien in favor of anyone who furnishes a contractor material, etc., for improving private property when the material is used "for the purpose of or in" the improvement, or for the services of an architect or structural engineer "for any such purpose," and for a lien for labor or services as superintendent in building or altering the improvement. That section in its present form was enacted in the revision of 1895. Prior to that time an architect who prepared plans and specifications for the improvement could

not maintain an action for a lien. This court held in *Freeman* v. *Rinaker,* 185 Ill. 172, that under section 1 of the act of 1895 an architect who performs services "for the purpose of or in" building an improvement is entitled to a lien.

Section 23, as amended in 1919, provides that any person who shall furnish material, etc., to any contractor having a contract for a public improvement for any county, township, school district, city or municipality in this State shall have a lien on the money, bonds or warrants due or to become due to the contractor under his contract. "Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for the State, may have a lien on the money, bonds or warrants due or about to become due such contractor under the contract, by filing with the official whose duty it is to pay such contractor, a sworn statement of the claim showing with particularity the several items and the amount claimed to be due on each; but the lien shall attach to only that portion of the money, bonds or warrants against which no voucher or other evidence of indebtedness has been issued and delivered to the contractor by or on behalf of the State." The lien provided for by section 1 was against a private improvement, but as that could not be in a case of a public improvement, the lien provided for by section 23 was against the money, bonds or warrants due the contractor against which no voucher or other evidence of indebtedness had been issued or delivered to the contractor.

Plaintiffs in error contend that as the statute for mechanics' liens is in derogation of the common law it should be construed strictly, and as so construed the meaning of the statute is that the materials must be furnished the contractor, for the State, to entitle the party furnishing them to a lien. We think that is directly contrary to what the statute says. The statute is, that any person who shall fur-

nish materials to any contractor "having a contract for public improvement for the State" may have a lien. The statute plainly is that any person who furnishes materials to a contractor who has a contract with the State to construct a public improvement for the State shall have a lien on the moneys due the contractor from the State. If the rule of strict construction be applied it could not change the meaning of the statute to a different one from what it says. This court has held that section 24 (now section 23) is a remedial statute. (*Young* v. *Jones,* 180 Ill. 216.) In that case the court said: "It follows that so far as the public are concerned, this section 24, [now section 23,] applied to contracts for improvements, is merely remedial." In *West Chicago Park Comrs.* v. *Western Granite Co.* 200 Ill. 527, the court said: "The section gives no lien upon the improvement to anyone but only gives a lien to the subcontractor as against the contractor. * * * The fund devoted to the payment for the work was brought under the control of the court and subject to whatever decree might be finally made."

In construing section 1 it has been decided that it is essential to the right to maintain a lien under that section that materials furnished the contractor were delivered for the purpose of being used in constructing the improvement so as to become a part of the completed structure. Lumber furnished which never became and was not intended to become a part of the property but which the contractor employed for temporary use and took away and used again for his own purposes is not a proper subject matter for a lien against the completed improvement. *Rittenhouse & Embree Co.* v. *Brown & Co.* 254 Ill. 549.

Section 23 was under consideration by this court in *Alexander Lumber Co.* v. *Farmer City,* 272 Ill. 264. In that case the circuit court decreed a lien in favor of parties who furnished the contractor materials for use in carrying out the contract for a sewer. One of the claims included

an item for the use of an engine and pump, one an item for pipe used in carrying water to the mixing boxes where concrete was mixed, and a small item of one claim was for work in repairing machinery and tools. It was contended that lumber for which a lien was claimed did not become a part of the completed sewer but was left in the trenches for use for shoring and for the protection of the men at work and some of it was used up by the contractor in the work and not returned. The same claim was made as to to a small amount for pipe used to carry water to the concrete mixers and the claim for work in repairing machinery and tools. The court referred to previous decisions under section 1 of the Lien act, and said: "The construction of section 23 is not governed by the construction given the provisions of the act relating to the enforcement of liens afforded against the owner's real estate. These provisions of the act give no lien against money in the owner's hands due the contractor, but the lien is against the real estate and improvement." The court quoted provisions of section 23, and said that section did not provide a lien against the improvement but on the money due and to become due the contractor for materials, etc., furnished the contractor by the person claiming the lien.

Section 23 was again considered by this court in *Mc-Millan v. Casey Co.* 311 Ill. 584, and counsel for plaintiffs in error contends that in that case the construction placed upon section 23 is not the same as that put upon it in the *Alexander Lumber Co. case, supra,* and in effect overrules that case. In the *McMillan case* the claim was for machinery sold the contractor and material to be used in construction of hard roads for the State. The circuit court in that case decreed a lien in favor of the claimants, and the case was appealed to the Appellate Court. That court held (*McMillan v. Casey Co.* 231 Ill. App. 422,) that the machinery sold the contractor by the claimants did not become a part of the completed improvement, and there was no

claim that any portion of it was used up or injured in work upon the improvement. That court reversed the decree of the circuit court and remanded the case because no proof was made of the value of the use of the machinery in constructing the improvement. The court filed an additional opinion on a petition for rehearing, and in the additional opinion said that in the original opinion it had reversed the judgment and remanded the case so that the claimants might introduce further evidence showing all supplies and materials that went into and formed a part of the improvement or were used up and consumed and the value of the use of the machines and materials used about the improvement but not consumed. The Appellate Court set aside its former judgment and entered judgment in that court allowing the lien of one of the parties for $450 and interest. The case then came to this court and the judgment of the Appellate Court was affirmed. The claim as allowed in the judgment of the Appellate Court was for expansion joints used in the improvement. This court, in affirming the judgment of the Appellate Court denying a lien for the machinery sold the contractor, said: "There was no attempt to show the value of the use of or injury to the machinery, equipment, appliances or material by the two appellants, except the 4500 feet of expansion joints which became a part of the improvement, and the claim therefor was properly allowed." There was nothing in the decision of the Appellate Court or in the decision of this court in conflict with the *Alexander Lumber Co. case,* but it is probably true that in commenting on the construction of section 23 the court used some language which cast doubt upon the construction given that section in the *Alexander Lumber Co. case.* Such language was not necessary to a decision in the *McMillan case,* for it was not proved in that case that the materials and machinery furnished the contractor were consumed in constructing the improvement, nor was it proved there was any injury to the machinery and tools or what the value

of their use was in making the improvement. In the *Mc-Millan case* the court correctly held that the purchase price of machinery and equipment was not lienable under section 23, and said: "It would seem that generally it would be presumed that a contractor is prepared with machinery and necessary appliances to do his work and that such items are furnished upon his own credit and as a part of his working equipment and business and are not furnished upon the implied credit of the public."

In the instant case there is no claim for machinery furnished or used, but the claim is for gasoline, oil and grease necessary for the use of the contractors in constructing the improvement and were entirely consumed. Section 23 gives the person furnishing materials to a contractor having a contract for a public improvement for the State a lien on the money. No rights of the State are prejudiced or infringed upon, but the person affected is the contractor who owes the money to the person furnishing the materials.

*Hoier* v. *Kaplan,* 313 Ill. 448, was correctly decided and is not in conflict with any former decision or with the views expressed in this opinion. In that case it was sought to establish a lien for temporarily heating a building in process of construction for a private party. Temporary heat during the construction was not specified in the contract, and it did not become a part of the completed improvement but was placed in the building during the process of construction so that the workmen might continue uninterruptedly during the winter months.

The materials furnished by defendant in error to the contractors were necessary to enable them to do the work and were entirely used up and consumed by the contractors in making the improvement. Section 23 gives the person who furnished the materials a lien upon the money owing to the contractor by the State for the value of the materials. Vanderboom & Sons defaulted and did not complete the contract. The work was taken over and completed by a

surety company which had signed the contractors' bond. There was money due and unpaid against which no bonds, warrants, vouchers or other evidence of indebtedness had been issued or delivered to the contractors by the State, and section 23 was intended to, and does, give the party who furnishes materials which are necessarily consumed in making the improvement a lien on the money due the contractors from the State.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*