JOHN ACKER et al. Defendants in Error, vs. C. C. VANDER-
BOOM et al. Plaintiffs in Error.

*Opinion filed October 22, 1927.*

MECHANICS' LIENS—*lien will lie on State funds for gas and oils
consumed in building hard road.* Under section 23 of the Mechan-
ic's Lien act a lien will lie on funds in the hands of the State, due
the contractor, for gasoline and oils used in the construction of a
State hard road. (*Standard Oil Co.* v. *Vanderboom,* 326 Ill. 418,
followed.)

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on appeal from the Circuit
Court of Carroll county; the Hon. WILLIAM J. EMERSON,
Judge, presiding.

JOHN L. BREARTON, for plaintiffs in error.

SIMS, WELCH, GODMAN & STRANSKY, (F. J. STRAN-
SKY, of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendants in error, John Acker and William E. La-
Shelle, under the firm name and style of the Savanna Oil
Company, filed a bill in the circuit court of Carroll county
against C. C. Vanderboom and others, doing business as
C. C. Vanderboom & Sons, and against the Southern Surety
Company, a corporation, to have their claim against Van-
derboom & Sons declared a lien and to impress certain
funds due from the State to Vanderboom & Sons with a
mechanic's lien, under section 23 of the Mechanic's Lien act.
A decree was entered in the circuit court granting the prayer
of the bill of defendants in error, which was affirmed, up-
on appeal, by the Appellate Court for the Second District.
The record is before this court for review upon petition
for *certiorari.*

Vanderboom & Sons had two contracts with the State for the construction of cement roads. The plaintiff in error surety company was surety on both of these contracts. There is no dispute as to the facts. Upon the trial it was stipulated by the parties that gasoline and oil were furnished and delivered by defendants in error to plaintiffs in error and actually used and consumed in operating and lubricating the trucks, concrete mixers and other machinery of plaintiffs in error and in the operation of lights necessarily used in the construction of the roadway, under the first contract to the value of $3246.79 and under the second contract to the value of $1384.75, and that such sum was due to defendants in error therefor at the time of the trial; that the Vanderbooms defaulted under their contract and the State served notice on the surety company that it would be required to complete the contract, which it did; that defendants in error complied with the provisions of section 23 of the act in relation to mechanic's liens, and that there remained in the State treasury sufficient funds against which no voucher or other evidence of indebtedness had been issued and against which the lien, if valid, would attach.

The question arising in this case is whether or not a lien will lie on funds in the hands of the State, due the contractor, for gasoline and oils used in the construction of a public improvement for the State. This is a question of the construction of section 23 of the Lien act, and it was decided in *Standard Oil Co.* v. *Vanderboom*, 326 Ill. 418. That decision is binding here.

The decree is, for the reasons given in the opinion in the above case, affirmed.

*Decree affirmed.*