## New Erie Coal Company, Appellant, v. H. McMullen & Sons et al., appellees.

### Gen. No. 7,574.

1. STATUTES—*legislative intent as aid to construction.* It is a primary rule in the construction of a statute that the intention of the legislature is to be ascertained and given effect.

2. STATUTES—*construction to avoid absurd consequences.* If absurd consequences result from a particular construction of a statute that construction will be avoided if the statute will reasonably permit of a different construction.

3. STATUTES—*construction of remedial statute.* A remedial statute should be construed so that it may accomplish the purposes intended by the legislature.

4. MECHANICS' LIENS—*allegations of bill to enforce lien for rental of machinery used by public contractor.* Allegations of a bill to enforce a lien under Cahill's St. ch. 82, ¶ 23, for the rental of machinery for use by a hard road contractor, that are confined to its rental and use for a particular road, will be taken as true under demurrer, and a question that the machinery may have been used in other work for which no lien can be claimed in the cause cannot arise under the pleadings.

5. MECHANICS' LIENS—*right to lien for rental of machinery used by public contractor.* A claim for rental of machinery used by a contractor in the construction of a hard road is a lienable thing under Cahill's St. ch. 82, ¶ 23, which provides that a person furnishing machinery to a contractor for a public improvement shall have a lien against the funds due the contractor for his work.

Appeal by plaintiff from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1926. Reversed and judgment entered for appellant. Opinion filed February 6, 1928.

C. M. CLAY BUNTAIN and ADAMS & HAWLEY, for appellant.

ANKER C. JENSEN, for appellees.

MR. JUSTICE JONES delivered the opinion of the court. Appellant filed its bill against appellees to enforce a lien under section 23, chapter 82 of the Revised Stat-

utes, Cahill's St. ch. 82, ¶ 23, for the rental of a crane used by H. McMullen & Sons, in the construction of a hard road in Kankakee county. A demurrer was sustained and a decree was entered dismissing the bill for want of equity. An appeal is prosecuted from that decree.

H. McMullen & Sons entered into a contract with the county of Kankakee for the construction of a hard road in that county. The bill of complaint alleges that appellant, New Erie Coal Company, agreed to furnish the contractor a certain crane, to be used in and about the construction of such road and other work pertaining thereto, and that the crane was used by the contractor in the construction of the road, and that the use of the crane entered into and became a part of the road so constructed. The only question in this case is whether appellant's claim for the rental of the crane is lienable under said section 23 of the Lien Act.

The parties have stipulated that if this court holds the bill of complaint states a cause of action, a judgment shall be entered in favor of appellant and against the several appellees, adjudging that appellant be paid the sum of $1,217.20 out of the moneys, orders, warrants and funds designated in the original bill.

Appellees contend that the "Lien Act" is in derogation of the common law and that when strictly construed will not afford a lien in the case at bar. Section 23 as amended in 1919 (Laws of 1919, p. 642), Cahill's St. ch. 82, ¶ 23, provides: "Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any county, township, school district, city or municipality in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor under such contract."

Shorn of everything inapplicable to the facts in this case, the language of the section would read, "Any person who shall furnish machinery to any contractor

having a contract for public improvement for any county shall have a lien.'' It is a primary rule in the construction of a statute that the intention of the legislature is to be ascertained and given effect. (*People v. Price,* 257 Ill. 587.) It is the settled law of this State that no lien can be had under section 23 for the purchase price of machinery sold a contractor for use on public work. (*McMillan v. Joseph P. Casey Co.,* 311 Ill. 584.) The question here involved is whether or not a claim for rental of machinery used in the construction of a hard road is a lienable thing under the statute. Since sales are not included in its provisions, then to say that the statute does not embrace rentals and the value of the use of machinery would be to wholly nullify its plain provisions and leave it meaningless. If absurd consequences result from a particular construction of a statute that construction will be avoided if the statute will reasonably permit of a different one. (*People ex rel. Sergel v. Brundage,* 296 Ill. 197.)

It is insisted by appellees that there can be no lien under section 23 except for materials or labor, or things which become a constituent part of the improvement. *McMillan v. Joseph P. Casey Co., supra,* is relied upon in support of this contention. In that case the Appellate Court for the Third District (231 Ill. App. 422) held that machinery sold the contractor by the claimants did not become a part of the completed improvement. There was no claim that any portion of it was used up or injured in work upon that improvement. That court reversed the decree of the circuit court and remanded the cause, because no proof was made of the value of the use of the machinery in constructing the improvement. On petition for rehearing, the court filed an additional opinion, stating that the decree of the circuit court had been reversed to enable claimants to introduce evidence to show what supplies and materials had gone into and formed a

part of the improvement, or had been used up and consumed together with the value of the use of the machines and materials used about the improvement but not consumed. The Appellate Court set aside its former judgment and entered judgment in favor of one of the parties for the amount due for expansion joints used in the improvement. The Supreme Court affirmed the judgment of the Appellate Court and in its opinion, said: "There was no attempt to show the value of the use of or injury to the machinery, equipment, appliances or material by the two appellants, except the 4500 feet of expansion joints which became a part of the improvement, and the claim therefor was properly allowed." The issue in that case was whether a lien could be had under section 23 for machinery sold a contractor having a contract for public work and not whether a lien may exist for the rental or the use of machinery used in such work.

Section 23 was also construed in *Alexander Lumber Co. v. City of Farmer City*, 272 Ill. 264. In that case the circuit court decreed a lien in favor of several creditors of a contractor who constructed a sewer for the city. One of the claims was for the use of an engine and pump and some insignificant items; another was for pipe furnished for use in carrying water to the mixing box, where concrete was mixed. A small part of one claim was for work in repairing machinery and tools. Another claim was for lumber which did not become a part of the completed sewer, but was left in the trenches where it was used for shoring or other purposes for the protection of the men at work and also for the protection of the sewer. Some of it employed for other purposes was used up by the contractor in the work.

The decree of the circuit court was reversed by the Appellate Court (*Municipal Engineering & Contracting Co. v. City of Farmer City*, 193 Ill. App. 457). On appeal to the Supreme Court the judgment of the

Appellate Court was reversed and the decree of the circuit court was affirmed.

In *Standard Oil Co. v. Vanderboom,* 326 Ill. 418, the Supreme Court reviewed both the *Alexander Lumber Co.* case and the *McMillan* case, and held there was nothing in the *McMillan* case in conflict with the *Alexander Lumber Co.* case. The court said it is probably true that some language was used in the *McMillan* case which casts doubt upon the construction given to section 23 in the *Alexander Lumber Co.* case, but such language was not necessary to a decision in the *McMillan* case, because the value of the use of the machinery in making the improvement was not proved in that case.

All three of the cases cited distinguish between the provisions of and the remedies afforded by sections 1 and 23, Cahill's St. ch. 82, ¶¶ 1, 23, and it is unnecessary to repeat those discussions here. The Supreme Court has held that section 24 (now section 23) is a remedial statute. (*Standard Oil Co. v. Vanderboom, supra; Young v. Jones,* 180 Ill. 216.) That section gives no lien upon the improvement but gives a lien to the subcontractor on the money, bonds or warrants due the contractor. The fund devoted to the payment of the work was brought under the control of the court and subject to whatever decree might be finally made. (*West Chicago Park Com'rs v. Western Granite Co.,* 200 Ill. 527.) No rights of the State are prejudiced or infringed upon. The only person affected is the contractor who owes money to some person for furnishing such materials, etc. (*Standard Oil Co. v. Vanderboom, supra.*) A remedial statute should be construed so that it may accomplish the purposes intended by the legislature. (*Honore v. Wilshire,* 109 Ill. 103; *Chicago, B. & Q. R. Co. v. Dunn,* 52 Ill. 260.)

It was held in the *Standard Oil Co.* case that gasoline, oil and grease furnished a contractor, necessary for use in operating motor-driven appliances and machinery used in the construction of a public highway

for the State, are lienable, although they did not become a part of the completed improvement. The bill of complaint in the case at bar alleges the necessity of the use of a crane in the construction of the road. It would be wholly impracticable to attempt the building of modern concrete highways, pavements, sewer systems, and other public improvements without the use of machinery in their actual construction. Such machinery supplants the human labor that would otherwise be required. The magnitude of many public undertakings is such that to depend upon their accomplishment by human hands alone would be farcical. The march of progress requires their expeditious completion. Modern practices require divers combinations of the human labor element with that of various tools and machines. It is unquestionable that claims for such human labor are lienable. Can it be doubted that a party working with his own pick or shovel, his own team and wagon, or his own crane, on a tonnage, yardage or *per diem* basis, for a contractor on a public improvement would have a lienable claim for such work? The use of a crane in putting material in place enters into the construction of the improvement as much as human labor could if engaged in the same work and the use of the crane becomes as much a part of the improvement as though such work was performed by human hands. The legislature made provision by section 23 for the remuneration of parties furnishing the use of such necessary machinery to a contractor. The intention of the legislature is to be gathered not only from the language of the act, but also from the reason and the necessity for the enactment and the objects and purposes to be attained by it. (*Fowler v. Johnston City & Big Muddy Coal & Mining Co.,* 292 Ill. 440.)

Appellees urge that the crane in question may have been used in other work, and that no lien can be claimed in this cause for such use. The allegations of the bill are confined to its rental and use for the

particular road in question, and, under the demurrer, those allegations must be taken as true. No question of any other use can arise under the pleadings. We think the allegations of the bill are sufficient to bring the claim of appellant within the provisions of section 23 and it was error for the court to sustain the demurrer and dismiss the bill for want of equity.

Under the stipulation filed in this court, it is ordered that the decree of the circuit court be reversed; that appellant have a lien on the moneys, bonds or warrants due or to become due to the appellees composing the partnership of H. McMullen & Sons from said county of Kankakee for the construction of the road in question; that judgment be entered in this court in favor of appellant in the sum of $1,217.20 against the appellees, Harry McMullen, Harry McMullen, Jr., and Jefferson McMullen, copartners, doing business under the firm name and style of H. McMullen & Sons; and it is further ordered that appellees Charles B. Astle, treasurer of the county of Kankakee, Illinois, Henry J. Groenewoud, county clerk of said county, Luther B. Bratton, chairman of board of supervisors of said county, and Frank M. Enos, county superintendent of highways of said county, in their respective official capacities, and their successors in office, execute, issue and pay to appellants, warrants to said amount, in satisfaction of said lien, payable out of the funds due or to become due said H. McMullen & Sons under said contract.

*Judgment of the circuit court is reversed and judgment entered in this court.*