## The West Chicago Park Commissioners
### *v.*
## The Western Granite Company.

| 200 | 527 |
| 209 | 170 |

*Opinion filed December 16, 1902—Rehearing denied February 10, 1903.*

1. Constitutional law—*section 24 of Mechanic's Lien act is not unconstitutional.* Section 24 of the Mechanic's Lien act of 1895, giving any person furnishing materials or labor to any contractor for a public improvement a lien upon the money, bonds or warrants due such contractor, is not unconstitutional, as giving a privilege to sub-contractors which original contractors do not enjoy.

2. Mechanics' liens—*lien created by section 24 of Mechanic's Lien act is enforceable in equity.* The remedy provided in section 24 of the Mechanic's Lien act by an action upon official bonds of municipal officers for violating their duty in paying over the amount of a sub-contractor's lien after notices is not a remedy for enforcing the lien, and since no remedy is prescribed, equity has jurisdiction.

3. Municipal corporations—*municipal corporation must obey section 24 of the Mechanic's Lien act.* A municipal corporation cannot escape liability for the amount of a sub-contractor's lien upon the balance due a contractor for a public improvement, by paying the money to the contractor after it has received notice of the claim and entered its appearance in a proceeding in equity to enforce the lien. (Carter and Boggs, JJ., dissenting.)

4. Same—*when allowance of interest and solicitor's fees is not error.* It is not error to allow interest and solicitor's fees in enforcing a sub-contractor's lien upon the balance due from a park board to a public contractor which the board has paid in disregard of notice, where the amount due the contractor was amply sufficient to cover the amount of the lien, interest and solicitor's fee.

Appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Delavan B. Cole, for appellant:

Section 24 of an act entitled "An act to revise the law in relation to mechanics' liens," approved and in force June 26, 1895, upon which this proceeding is based, is unconstitutional and void, for the reason that it violates the provisions of section 22 of article 4 of the constitution of the State of Illinois, which prohibits the passage by the General Assembly of local or special laws grant-

ing to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever. *Lippman* v. *People*, 175 Ill. 101; *In re Day*, 181 id. 73; *Ritchie* v. *People*, 155 id. 98; *Gillespie* v. *People*, 188 id. 176; *Millett* v. *People*, 117 id. 294; *Ruhstrat* v. *People*, 185 id. 133; *Budd* v. *State*, 3 Humph. 483; *Wally's Heirs* v. *Kennedy*, 2 Yerg. 554; *People* v. *Martin*, 178 Ill. 611; *Frorer* v. *People*, 141 id. 171; *Palmer* v. *Tingle*, 55 Ohio St. 423.

The remedy afforded under section 24 of the Mechanic's Lien act, upon which this proceeding is based, is not broad enough to include the right to proceed by bill in equity to foreclose the liens thereby created, but the remedy under said section 24 is limited to an action on the official bonds of the officers charged with the disbursement of the funds available in payment for such improvements, for the violation of the duty thereby imposed upon them. Nor does the Mechanic's Lien law provide for the enforcement, by bill in equity, of liens created in said section 24. *Tice* v. *Construction Co.* 52 N. Y. 284; Starr & Cur. Stat. (2d ed.) chap. 82, secs. 24, 29.

The West Chicago Park Commissioners are officers of the State of Illinois. They are subordinate agencies of the State, by whom, in part, the people of the State carry on the government. Their functions are essentially political and concern the State at large. They are State officers. *Park Comrs.* v. *McMullen*, 134 Ill. 170; *Wilcox* v. *People*, 90 id. 186.

This suit is an equitable garnishment of funds in the hands of State officers, and, in effect, an action against the State, and therefore cannot be maintained. *Tice* v. *Construction Co.* 52 N. Y. 284; *Shoemaker* v. *Grant County*, 36 Ind. 175; Const. 1870, sec. 26, art. 4; *People* v. *Dulaney*, 96 Ill. 503; *Taylor* v. *Hall*, 71 Tex. 206; *Tracy* v. *Hornbuckle*, 8 Bush, 336.

The effect of the decree in this case is to render appellant liable for the negligence or willful misconduct of the officers charged with the disbursement of the fund

out of which payment for the improvement in question was to be made, while under the law appellant is not liable in any form of action for the negligence or misconduct of said officers. Said officers are not officers of appellant in the sense that the doctrine of *respondeat superior* can be applied to their official acts. *Elmore* v. *Drainage Comrs.* 135 Ill. 269; *Backer* v. *Park Comrs.* 66 Ill. App. 509; Dillon on Mun. Corp. (4th ed.) secs. 974-977, 980, notes; Beach on Public Corp. chap. 20, secs. 738-745, 1010, 1011, and cases cited; Shearman & Redfield on Negligence, (4th ed.) secs. 253-255, and cases cited; Tiedeman on Mun. Corp. sec. 324; 2 Thompson on Negligence, 625, 737, and cases cited; *Waltham* v. *Kemper*, 55 Ill. 346.

The appellant is not chargeable with interest on the money found to be due to the sub-contractor for the improvement in question in this case. In the absence of an express agreement therefor a municipal corporation is not chargeable with interest upon claims against it, the only exception being where the money is wrongfully obtained and illegally held by it. *Peoria* v. *Construction Co.* 169 Ill. 36; *Danville* v. *Water Co.* 180 id. 235; *Chicago* v. *People*, 56 id. 327; *Vider* v. *Chicago*, 164 id. 354; *Pekin* v. *Reynolds*, 31 id. 529.

CHURCH, MCMURDY & SHERMAN, (W. A. BITHER, of counsel,) for appellee:

If a law is general and uniform in its operation upon all persons in like circumstances it is general, in a constitutional sense; but it must operate equally and uniformly upon all brought within the relation and circumstances for which it provides. *Lippman* v. *People*, 175 Ill. 101.

Liens are enforceable in equity unless the law has provided for another mode. This is true of vendors' liens, equitable and other mortgages, and all statutory liens, except in cases where the lien is in the nature of a pledge and possession accompanies the lien. *Railroad Co.* v. *Fackney*, 78 Ill. 116.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 4, 1898, appellant entered into a contract in writing with John Sargent, by which he was to furnish material and construct sidewalks along certain streets under control of appellant. Appellee agreed to furnish Sargent with the crushed granite for such sidewalks at a price agreed upon between them. Sargent constructed the sidewalks and appellee furnished him the crushed granite, and on June 21, 1899, there was due appellee from Sargent, under said contract, $1070.10. On June 23, 1899, appellee gave a written notice to appellant, claiming a lien to the extent of said sum upon the money, bonds or warrants due or to become due to Sargent under his contract, and notifying appellant to withhold all payments from Sargent or his assigns under the contract for the improvement until said sum should be paid to appellee. This notice was served on the secretary of appellant, and at a meeting of its officers held on said June 23, 1899, the notice was brought before the board, when a statement of it was spread upon the records and the notice ordered to be placed on file. The bill in this case was filed by appellee in the circuit court of Cook county on June 26, 1899, against appellant and Sargent, to enforce a lien upon the money, bonds and warrants due or to become due to Sargent. Appellant was served with summons June 26, 1899, and appeared in the action. Appellant and Sargent filed joint and several demurrers to the bill, which were overruled, and afterwards they filed separate answers. On October 14, 1899, a final estimate under the contract was made, by which it was certified that there was due Sargent from the appellant $2630.70. Appellant disregarded the claim of lien by the notice and bill, and on November 10, 1899, issued warrants to its treasurer payable to the order of Sargent for the balance due him, including the money on which appellee had a lien, and they were paid. On May 24, 1902,

appellant, by leave of court, amended its answer, setting up the fact that there had become due from appellant to Sargent said sum of $2630.70, which had been paid to Sargent. The cause had been referred to a master in chancery, who reported the evidence, with his finding that there was due appellee $1070.10, with interest thereon from June 10, 1899, and that appellee was entitled to a decree for that amount, together with a solicitor's fee, amounting to $107. During the pendency of the suit Sargent was discharged in bankruptcy. The cause was heard on exceptions to the master's report, and they were overruled and a decree was entered in accordance with the report. From that decree this appeal was taken directly to this court.

The ground of direct appeal to this court from the circuit court is, that section 24 of the act to revise the law in relation to mechanics' liens, in force June 26, 1895, is unconstitutional and void, for the reason that it gives to those furnishing material or labor to contractors with municipal corporations, rights and remedies not given to other citizens of the State.

Section 24 is as follows: "Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement: *Provided*, such person shall, before any payment or delivery thereof is made to such contractor, notify the officials of this State, county, township, city or municipality whose duty it is to pay such contractor of his claim by a written notice and the full particulars thereof. It shall be the duty of such officials so notified to withhold a sufficient amount to pay such claim until it is admitted, or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit on the contract price to be paid to such contractor. Any officer violating the duty hereby imposed upon him shall

be liable on his official bond to the person serving such notice for the damages resulting from such violation, which may be recovered in an action at law in any court of competent jurisdiction. There shall be no preference between the persons serving such notice, but all shall be paid *pro rata* in proportion to the amount due under their respective contracts." (2 Starr & Cur. Stat. 1896, p. 2572.)

This section of the statute was before us in *Spalding Lumber Co.* v. *Brown,* 171 Ill. 487, and *Young* v. *Jones,* 180 id. 216, and was treated as a valid enactment, but its validity was not challenged in these cases and was not considered. It is not contended that the section is void simply because it extends to that class of persons who furnish material, apparatus, fixtures, machinery or labor for an improvement, since if that were the objection it would apply to all laws allowing mechanics' liens, and it is not claimed that all such laws are void. The objection is, that the section makes an unwarranted distinction between persons in practically the same situation in giving a privilege to a sub-contractor which the contractor does not enjoy. It is said that there is no difference, except in name, between the situation of a person who has put his own labor and material into a public improvement under a contract directly with a municipality, and one who has put the same labor and material into a public improvement under a contract with the original contractor, and that the lien and the remedy should be equally available to both. The section gives no lien upon the improvement to any one, but only gives a lien to the sub-contractor as against the contractor. The lien is only on the money, bonds or warrants provided by the municipal corporation for the payment of the contractor. The parties are not in the same situation, and it would be absurd to provide by law for a lien in favor of the contractor upon money, bonds or warrants to which he has become entitled under his contract. He is entitled to such money, bonds or warrants, and not a mere lien on

them. It is against the policy of the law that liens should be established against the property of municipal corporations created and exercising their functions for the public good, under the authority of the State, and the act does not purport to create such a lien. The objection to the section in question is without merit.

The next proposition is, that the only remedy of the sub-contractor is an action upon the official bonds of the officers for violation of duty in not withholding an amount sufficient to pay the sub-contractor. The section provides for such a remedy, but it is not a remedy for the enforcement of a lien. The provision for a lien on the money, bonds or warrants would be of no effect unless it could be enforced. There is no provision of the section for the enforcement of the lien by a proceeding in equity, and it is insisted that there is none in the entire act directly applicable to its enforcement. If that is so, a court of equity has jurisdiction to enforce the lien. The legislature, of course, intended that the benefits of the lien should be secured to the sub-contractor, and statutory liens are enforcible in equity unless the law has provided some other mode. (*Cairo and Vincennes Railroad Co.* v. *Fackney,* 78 Ill. 116; *Knapp, Stout & Co.* v. *McCaffrey,* 178 id. 107.) One of the ordinary remedies administered by courts of equity is the establishment and enforcement of liens, and this statute gives the sub-contractor a lien which equity will make effective by enforcing it. *National Bank of LaCrosse* v. *Petterson,* (*ante,* p. 215.)

The next proposition is, that the notice under which the appellee claims was not sufficient and not served according to law. The notice was addressed to the West Chicago Park Commissioners and was served upon the secretary of appellant. It was formal and sufficient in all respects, and was actually brought to the notice of the commissioners and officers of appellant at a meeting when all were present, and was spread upon the record of such meeting. The notice and service were sufficient.

The next proposition insisted upon is, that the West Chicago Park Commissioners are State officers, and that appellant, for whom they act, is not liable for their misconduct, and having paid the money to Sargent it can not be compelled to pay it again. Appellant acts only through its officers, and the law furnishes it no exemption from liability to pay its debts or to obey the law. Neither the statute nor this proceeding increased the liability of appellant in any manner, but required that it should retain the money due to Sargent until appellee's claim was admitted or by law established, and should thereupon pay the amount of such claim to appellee. Appellant, acting through its officials, violated the law. The payments of money to Sargent were payments by appellant when it had no legal right to pay him, and no one would think that if the money due to one had been paid to another the party lawfully entitled to it could not recover because of such payment. The payment was made several months after the service of the notice, the filing of the bill, service of the summons and entry of appearance by appellant. The law gave a lien to appellee on the money due or to become due to Sargent, and on June 26, 1899, appellee filed its bill to enforce the lien and brought appellant into court by the service of summons. The court had jurisdiction of the parties and the subject matter. The fund devoted to the payment for the work was brought under the control of the court and subject to whatever decree might be finally made. Even in case of an ordinary creditor's bill the court would not permit the fund or property to be withdrawn from the control of the court so as to defeat the object of the bill. (*First Nat. Bank of Sioux City* v. *Gage,* 93 Ill. 172.) To say that appellant could pay the money to Sargent and defeat the lien would not only annul the statute so far as any lien is concerned, but destroy the jurisdiction of the court, which had been regularly obtained.

The last proposition of appellant is, that the court erred in allowing interest on the amount due appellee from the time it became due, and solicitor's fees, because a municipal corporation is not liable for interest unless it has agreed to pay it.    The section which creates the rights in a sub-contractor does not affect a municipal corporation, which can only be charged with the original indebtedness.    (*Young* v. *Jones, supra.*)    In this case appellant was not charged with any interest on the amount which became due to Sargent, but the amount so due was much more than the amount due appellee, including interest and solicitor's fees as fixed by the decree. Appellee settled with Sargent on June 21, 1899, and was entitled to interest from that time on the amount then found to be due.    Neither the right nor interest of appellant is affected by the allowance of interest or solicitor's fees.    If it had not disregarded the notice and paid the money in violation of law it would have made no difference whether there was interest and solicitor's fees allowed or not, and its rights arising out of the disregard of the statute are no greater.

The decree of the circuit court is affirmed.

*Decree affirmed.*

CARTER and BOGGS, JJ., dissenting:

We do not concur in the decision rendered in this case, making the municipal corporation liable to pay a second time the moneys in question because of the default of its officials.    The statute under which the proceeding is brought does not create any right in the sub-contractor to hold the corporation liable in such a case.    It was not the intention of the legislature to create a lien on public property enforceable against the corporation.    The statute makes it the duty of the officials (after proper notice) whose duty it is to pay the contractor, to withhold a sufficient amount to pay the sub-contractor, and if they violate the duty so imposed on them by the statute, the

sub-contractor's remedy is by action at law on the official bond of the officer so violating his duty. Such seems to be the plain provisions of the statute. Where no liability or remedy is created or given by the statute against the municipality and none existed before its enactment, we cannot agree that the courts may create both the liability and the remedy.