Angelo B. Pirola, Appellant, *vs.* The W. J. Turnes Company, Appellee.

*Opinion filed February 19, 1909.*

1. Mechanics' liens—*when equity cannot enforce a lien on money due public contractor.* A court of equity is without power to enforce a lien upon money due from a county to a public contractor where it is neither admitted nor proved that the complainant gave notice of his claim to the county before filing the bill.

2. Same—*the contractor may raise question of failure of lien claimant to give notice to county.* Upon appeal from a decree enforcing a lien upon money due from a county to a public contractor, the contractor may raise the question of the lack of proof that the complainant gave notice of his claim to the county, even though the county did not except to the master's report in favor of the lien and does not question the decree.

3. Appeals and errors—*point first raised in reply brief cannot be insisted upon.* A point not raised by the appellant or plaintiff in error in his original brief cannot be insisted upon in the reply brief.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. M. McEwen, Judge, presiding.

On April 14, 1905, Angelo B. Pirola, a sub-contractor, filed his bill in the superior court of Cook county against W. J. Turnes Company, the appellee, and the county of Cook, to enforce a lien against certain moneys alleged to

be due appellee on account of the construction by appellee of three cottages for insane patients at Dunning, Illinois. Defendants answered, and the cause was referred to a master to take proofs and report his findings and conclusions thereon. Upon the filing of his report the court entered a decree substantially in accordance with his recommendations, finding that Pirola was entitled to a lien upon said funds to the extent of the amount decreed to be due him. From that decree the W. J. Turnes Company prayed an appeal to the Appellate Court for the First District, where the cause was assigned to the branch court. The decree of the superior court was there reversed and the cause was remanded, with directions to dismiss the bill for want of equity. To review that judgment Pirola prosecutes this appeal.

Appellant by his amended bill averred that on June 23, 1904, the county of Cook and W. J. Turnes Company entered into an agreement in writing, by which the said company bound itself to furnish all of the materials for and to construct three cottages for insane patients at Dunning, Illinois; that said company substantially completed said contract in accordance with its terms, and that there is due it from said county, on account thereof, the sum of $10,000.

The bill further averred that Pirola, on July 15, 1904, entered into a written contract with the W. J. Turnes Company to furnish all of the labor and materials required for the lathing, plastering and ornamental work for said cottages; that he completed his contract on March 29, 1905; that there is justly due to him from said company, under his contract, a balance of $1342.37, with interest thereon, and that for the purpose of protecting his lien rights, on April 11, 1905, he caused to be served upon the officials of Cook county having the custody and control of the money, bonds or warrants due said company, a notice of his claim against said company, specifying the amount due him under his contract, and stating that he would look to said of-

ficers to withhold a sufficient amount from the said funds due said company to pay said claim, a copy of which notice is set out in the bill.

The answer of Cook county, among other things, set out its contract with the W. J. Turnes Company, and admitted that there was due from the county to said company thereon the sum of $5822.

The W. J. Turnes Company by its answer set up several defenses. The master found that Pirola had a lien for $1257.81 and interest. Objections taken by the present appellee to that report were overruled and were then renewed in the superior court as exceptions, where they were again overruled and the decree was then entered.

It appears that the case was determined by the Branch Appellate Court upon the theory that Pirola had failed to prove that the notice required by the statute had been served upon the officials of Cook county prior to the beginning of the suit, and it is here contended by him that the branch court erred in reversing the decree.

GALLAGHER & MESSNER, for appellant.

FRED A. DOLPH, FRED B. SILSBEE, and RALPH C. PUT-NAM, (BUELL & ABBEY, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant, a sub-contractor, sought to enforce a lien under the provisions of paragraph 37, chapter 82, of Hurd's Revised Statutes of 1908, which provides, in part, as follows:

"Any person who shall furnish material, apparatus, fixtures, machinery, or labor to any contractor for a public improvement in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement: *Provided*, such person shall, before payment or delivery thereof is made to such contractor,

notify the officials of the State, county, township, city or municipality whose duty it is to pay such contractor of his claim by a written notice. It shall be the duty of such official so notified to withhold a sufficient amount to pay such claim until it is admitted, or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit on the contract price to be paid such contractor."

The bill averred, but neither answer admitted, the giving of the required notice. There is in the record no evidence that it was given. Appellant could not obtain the relief sought unless he had given the required notice prior to the filing of the bill. (*Butler* v. *Gain*, 128 Ill. 23; *Shaw* v. *Chicago Sash, Door and Blind Manf. Co.* 144 Ill. 520.) It is said, however, that as Cook county did not except to the master's report and has not questioned the decree of the superior court, appellee cannot be heard to complain that appellant did not serve the notice upon the county. The court could not rightfully decree that money payable by Cook county to appellee should be paid to appellant except the proof showed the existence of an enforcible lien. Appellee therefore has the right to present this question. Appellant, by his brief in reply, states that the appellee did not object or except to the master's report on the ground that the service of the notice had not been established. This point was not made by the original brief of the appellant, and for that reason he may not insist upon the same by his brief in reply. We have, however, examined the objections and exceptions to the master's report and think the question was properly thereby raised.

The judgment of the Branch Appellate Court will be affirmed.

*Judgment affirmed.*