Edwin Pratt's Sons' Company, Appellee, v. John A. Schafer et al. Louis F. Olson and Clyde Smith, Appellants.

Gen. No. 9,144.

\* See Callaghan's Illinois Digest, same topic and section number.

Opinion
filed February 8, 1937.   Rehearing denied May 7, 1937.

CLYDE SMITH, of Dixon, for appellants.

GEORGE C. DIXON, of Dixon, and MILLER & SHAPIRO, of Kankakee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The plaintiff, Edwin Pratt's Sons' Company, is engaged in the business of manufacturing and dealing in all kinds of forms and combinations of steel, iron and other metals including structural steel.  The defendants, John A. Schafer and Louis F. Olson, in 1922 and thereafter, were building contractors, doing business as partners under the name of Schafer & Olson. The defendant, Clyde Smith, intervened as a defendant during the process of the suit, as an assignee *pendente lite* of Schafer & Olson.  There is nothing in the record indicating that the defendant, assignee, has any greater rights in or to the subject matter of the suit than his assignor.  This appeal is being prosecuted by the defendants, Louis F. Olson and Clyde Smith.

On June 17, 1927, Schafer & Olson, as contractors, entered into a written contract with the State of Illinois, acting through the Department of Purchases and Construction, to furnish all material and labor

for permanent improvements of the Dixon State Hospital. The plaintiff, on July 16, 1927, entered into a written contract with Schafer & Olson to furnish the material and perform the labor for the miscellaneous and ornamental iron and steel work, for the improvements as described in the specifications, etc., which were made a part of the contract between Schafer & Olson and the State. The improvements were completed, accepted and approved by the State, many years ago. The plaintiff maintains that, as provided in 1929 by section 23 of the Mechanics' Lien Act, it filed on May 1, 1929, with the State officials, then named in that section, a sworn statement of claim of lien, to the amount of $13,283.99, upon all money due Schafer & Olson under the building contract with the State. The plaintiff, as provided in said section 23, on May 15, 1929, filed its bill against Schafer & Olson, in the circuit court of Lee county to enforce its lien. The sum of $1,397, the balance due Schafer & Olson from the State under the building contract, has been paid over to the clerk of said court (by the State) by agreement of the parties. The parties have stipulated that this amount shall be held by the clerk, there to abide the final decision on said action in said court.

So far as applicable to this case, the provisions of said section 23 in 1929 were as follows: ''Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for the State, may have a lien on the money, . . . due . . . such contractor under the contract, by filing with the State Treasurer, Auditor of Public Accounts, Director of Finance and the director of the department whose duty it is to let such contract, a sworn statement of the claim showing with particularity the several items and the amounts claimed to be due on each, etc. The person so claiming a lien shall, within thirty days after filing notice with the State official, commence proceedings by

bill in equity for an accounting, making such contractor to whom such material, apparatus, fixtures, machinery or labor was furnished party defendant, and shall, within the same period notify the official of the State of the commencement of such suit by delivering to him a certified copy of the bill filed; provided, that suit shall be commenced and a copy of the bill served upon the State official not less than fifteen days before the date when the appropriations from which such money is to be paid, will lapse. It shall be the duty of the State official after the sworn statement has been filed with him, to withhold payment of a sum sufficient to pay the amount of such claim, for the period limited for the filing of suit, unless otherwise notified by the person claiming the lien. Upon the expiration of this period the money so withheld shall be released for payment to the contractor, unless the person claiming the lien shall have instituted proceedings and served the official of the State with the certified copy of the bill as herein provided, in which case, the amount claimed shall be withheld until the final adjudication of the suit is had: Provided, the State official may pay over to the Clerk of the Court in which such suit is pending, a sum sufficient to pay the amount claimed to abide the result of such suit and be distributed by the Clerk according to the decree rendered.''

The defendants, Schafer & Olson, demurred to the bill on the ground that it failed to specifically aver that the sworn statement was personally served upon the State officials mentioned in said section 23. The demurrer being sustained, the plaintiff amended its bill (in response to the particulars specified in the demurrer) to read as follows: ''Your orator represents that on the first day of May 1929, your orator caused to be delivered to the Director of Purchases and Construction of the State of Illinois, in his own proper person as such Director of Purchases and Construction of the State of Illinois, a sworn statement of a

claim for lien on the moneys, bonds or warrants due or to become due said John A. Schafer and Louis F. Olson, a co-partnership as Schafer & Olson as aforesaid, under said contract, which said sworn statement of claim showed with particularity the several items and the amount claimed to be due on each and copy of which said claim for lien is hereto attached marked Exhibit '1,' and made a part of this bill; that on the second day of May 1929, your orator caused to be delivered to the following: The State Treasurer, in his own proper person as such State Treasurer of the State of Illinois; the Auditor of Public Accounts of the State of Illinois, in his own proper person as such Auditor of Public Accounts of the State of Illinois; and the Director of Finance of the State of Illinois, in his own proper person as such Director of Finance of the State of Illinois, each a sworn statement of claim for lien, copy of which is marked Exhibit '1,' and made a part hereof.''

It is now contended by the two defendants appearing here that the bill does not state a cause of action because it does not allege that the statement of the claim was filed with the State officials mentioned in said section 23. In the case of *Seymour v. Woodstock & Sycamore Traction Co.*, 281 Ill. 84, 98, a demurrer to a bill on the ground that it did not state a cause of action was sustained by the chancellor. The Supreme Court in that case says: ''This is a proceeding in equity. 'A demurrer for want of equity cannot be sustained unless the court is satisfied that no discovery or proof properly called for by or founded upon the allegations in the bill can make the subject matter of the suit a proper case for equitable cognizance— *Bleeker v. Bingham*, 3 Paige 246; 1 Johns Cas. 427.' *Coryell v. Klehm*, 157 Ill. 462; *Wormley v. Wormley*, 207 id. 411.'' Section 23 is a remedial statute. The money devoted to the payment of the work of the defendants' contractor, was brought under the control

of the court and subject to whatever decree might be finally made. *Standard Oil Co. v. Vanderbroom,* 326 Ill. 418; *New Erie Coal Co. v. H. McMullen,* 247 Ill. App. 515.

The bill alleges that the claim for a lien was delivered to each of the State officials mentioned in section 23, in his proper person, as such official. This allegation was sufficient to call for proof, to show for what purpose, the claim for a lien had been delivered and that the delivery thereof, under all the circumstances connected with its delivery, constituted a filing of the claim for a lien. Filing a paper is now understood to consist in placing it in the proper official custody, on the part of the party charged with the duty of filing the paper, and the making of the appropriate indorsement by the officer. . . . Winfield's Adjudged Words and Phrases, citing *Phillips et al. v. Beene's Ex'r,* 36 Ala. 251; *Johnson v. Hodges,* 65 Mo. 589, and *Naylor v. Moody,* 2 Blackf. 247. A paper is said to be filed, when it is delivered to the proper officer, and by him received, to be kept on file. (*Peterson v. Taylor,* 15 Ga. 483.) In order that a notice may be filed with a certain officer, it is not necessary that it be delivered to him personally or that he acquire possession thereof by manual tradition; it is sufficient if delivered in his office to the designated custodian of the records. (*Hildreth Granite Co. v. Hudson County,* 87 N. J. Eq. 316, 100 Atl. 158; *Albany Builders' Supply Co. v. Eastern Bridge & Structural Co.,* 235 N. Y. 432, 139 N. E. 565; *Reed v. Inhabitants of Action,* 120 Mass. 130.) The delivery of the claim for lien constituted filing or not filing thereof dependent upon the facts or proof incident to its delivery. *Hamilton v. Beardslee,* 51 Ill. 478; *Brelsford v. Community High School, etc.,* 328 Ill. 27. The actual, or manual, filing of the sworn statement of claim for lien was the duty of the State officials named in section 23, if the delivery thereof by the plaintiff was for the purpose of having

the statement filed with such officials. The bill was not without equity as under its allegations, proof was called for to show the purpose and circumstances of the delivery of the statement with the State officials named in section 23.

It is also contended by the defendants that the plaintiff lost its lien because on March 28, 1929, it filed a claim for lien for the contract price of the materials furnished for said public improvements, and plaintiff failed to file a bill for an accounting within 30 days after this claim was filed, as provided by section 23. This claim for lien was filed with the Director of Purchases and Construction, the Auditor of Public Accounts, the State Treasurer and the Supervising Architect. It was not filed with the Director of Finance as then required by section 23. In 1929, under said statute, the Department of Finance had power: ''To examine, at any and all times, into the accuracy and legality of the accounts, receipts and expenditures of the public moneys and the disposition and use of the public property by the several departments; to examine and approve, or disapprove, vouchers, bills and claims of the several departments, and such as are made subject to the approval of the Governor, and no voucher, bill or claim of any department shall be allowed without its approval and certificate; to prescribe the form of receipt, voucher, bill or claim to be filed by the several departments with it.'' Smith-Hurd Ill. Annot. Statutes, ch. 127, sec. 36.)

Under section 23, the lien of the plaintiff was created by the performance of the work and the furnishing of the materials for the said public improvements and was capable of being perfected and made enforceable, as to all funds not paid over by the State to the defendant, contractor, upon service of a sworn statement, as required by the section, on the officials named therein. *Spalding Lumber Co. v. Brown*, 171 Ill. 487.

Any other construction of the section would render it inoperative. *Spalding Lumber Co. v. Brown, supra.* (*Vide, Pittsburgh Plate Glass Co. v. Kransz,* 291 Ill. 84, 89.) The lien was not enforceable unless the sworn statement was filed with the officials named in the section. (*Pirola v. Turnes Co.,* 238 Ill. 210.) The sworn statement, or claim for lien, in the present case not having been filed with the officials named in the section, was irregular and defective. In cases of this kind, where the claim for lien is defective and not sufficient in law, the lien claimant is entitled to fix and attach his lien by filing a second claim for lien. *Berger Mfg. Co. v. New York,* 206 N. Y. 24, 99 N. E. 153. (See, also, 40 C. J. 177.)

It is also contended by the defendants that the sworn statement filed on May 2, 1929, was fatally defective. It, with a particularized statement of account attached thereto, and made a part thereof, was made a part of the bill. The particularized statement consisted of a set of figures to which there was no dollar sign affixed to indicate that they referred to dollars, as will hereafter appear. Defendants demurred to the bill and the plaintiff, without judgment of the court on the demurrer, obtained leave of court to amend, and did amend, the bill and particularized statement by adding the dollar sign before said figures. Attached to the claim of lien, and made a part thereof, is a copy of the contract between the plaintiff and Schafer & Olson and designated, ''The Standard Form of Subcontract.'' By the terms of the subcontract, the plaintiff agreed to furnish the work and materials for all structural steel, miscellaneous and ornamental iron and steel complete according to ''General Conditions,'' drawings and specifications, pages 46, to 54 inclusive, all prepared under the direction of the Division of Architecture and Engineering, of the Department of Purchases and Construction of the State of Illinois.

The subcontract, by its terms, is made a part of the building contract. The "General Conditions," specifications and drawings are made a part of the building contract by its terms. The building contract, by its terms, refers to the drawings for each improvement by their titles. As illustrative of these latter terms of the building contract and applicable to each improvement, we quote from the building contract:

"Set 4.

Nursery Building.

Sheet No. 29, Foundation and First Floor plan.
30, Second Floor and Roof plan.
31, Heating piping plan.
32, Elevations.
33, Details."

The particularized statement attached to the sworn statement of lien relative to the Nursery Building is as follows:

"Ornamental Nursery:

| | |
|---|---:|
| Stairway | 450.00 |
| Grilles | 8.50 |
| Radiator guards | 487.00 |
| Shelf brackets | 10.00 |
| Coat rack | 24.00 |
| Wire mesh gate | 10.00 |
| Toilet partitions | 98.00 |
| Coat rack pipes | 22.87 |
| Hot plate | 8.00 |
| Legs for sink | 6.00 |
| Thresholds | 7.00 |
| | 1131.37" |

The materials furnished for the other improvements are similarly stated in the particularized statement of account under proper heading for each improvement.

The grand total of the claim (being the sum of the group totals) as shown by the particularized statement, is 13,283.99. The particularized statement is headed: "Sold to: Schafer & Olson, General Contractors, Chippewa Falls, Wis. Balance due on Dixon State Hospital Buildings, Dixon, Illinois." The subcontract is made a part of the claim for lien, together with a statement showing with particularity the several items and the amount claimed to be due on each item, furnished under said subcontract. The claim of lien further states: "That there is now due this claimant, Edwin Pratt's Sons' Company, a corporation, as aforesaid, from the said John A. Schafer and Louis F. Olson, a co-partnership as Schafer & Olson, aforesaid, after allowing to them all just credits, deductions and set-offs, the sum of thirteen thousand and two hundred eighty-three and 99/100 dollars ($13,283.99.)" The affidavit to the claim for lien states: "That the several items and the amount claimed to be due on each, as set forth in 'Exhibit B,' (the particularized statement) and made a part of said statement, are severally true and correct as therein stated." It is our opinion that the plaintiff was within its rights in making the amendment to the bill and the claim for lien. *Illinois Southern Ry. Co. v. People,* 215 Ill. 123; *City of Chicago v. Wheeler,* 25 Ill. 478; *First Nat. Bank of Chicago v. City of Elgin,* 136 Ill. App. 453; *McMillan v. Joseph P. Casey Co.,* 231 Ill. App. 422.

It is further contended by the defendant that there is no competent evidence in the record on which to base a decree that the defendants, Schafer & Olson, are indebted to the plaintiff. In this connection it is deemed advisable to refer to the decree, which finds that Schafer & Olson are indebted to the plaintiff in the sum of $17,319.40 and costs of suit. The decree orders that the circuit clerk pay the unpaid costs of the suit out of the sum of $1,397, held by him and the

balance of said sum, to wit, $1,204.30, to the plaintiff in partial satisfaction of the sum of $17,319.40; and that the plaintiff have and recover of and from John A. Schafer and Louis F. Olson, a partnership, the sum of $16,155.10 and costs of suit and have execution therefor.

Under the terms of the subcontract Schafer & Olson agreed to pay for the materials furnished by the plaintiff according to the specifications and drawings prepared by the State Division of Architecture and Engineering, the sum of $27,075. It is admitted by both parties that of this amount, $14,186 has been paid on account by Schafer & Olson. There is positive evidence in the record that no other payments have been made on the contract price, and that the plaintiff did furnish to the contractor, Schafer & Olson, all the materials and labor called for in the subcontract, which were used and employed in the public buildings erected under the building contract herein referred to; and that said buildings have been accepted by the State of Illinois, as fully completed and erected according to the said specifications and drawings. The evidence is sufficient on which to base a decree that the plaintiff has established his lien to the full amount of the money held by the circuit court to abide the result of the suit. Nothing appears in the proof of which a court of equity takes cognizance, excepting the allegations and proof, alleging and sustaining the claim for lien, and asking for its enforcement. (*Toledo, St. Louis & New Orleans R. Co. v. St. Louis & O. R. R. Co.*, 208 Ill. 623.) In the case of *Brauer v. Laughlin,* 235 Ill. 265, 273, appears the following quotation from 16 Cyc. 45 (now 21 C. J. 56): ''Where compensation in money will afford a party complete and efficient relief the law is usually adequate for that purpose, and plaintiff will be relegated thereto if the legal remedy is unimpeded. Thus, general assumpsit or the common counts have

at an early date been adapted to the enforcement of equitable demands on equitable basis of compensation, and must be resorted to where available. This is true even where plaintiff claims a specific fund, or part of a specific fund, which defendant has received, provided no further equity exists." Under section 23 of the Lien Act, the suit to foreclose the lien is a proceeding to reach funds not paid to the contractor by the State of Illinois. *Alexander Lumber Co. v. Farmer,* 272 Ill. 264. Section 23 of the Lien Act provides that the funds are to be distributed according to the degree rendered. Unless the lien was established, as alleged in the bill, a court of equity had no authority to proceed with the suit. *Turnes v. Brenckle,* 249 Ill. 394. The proceeding is *in rem* in the absence of a statutory provision that a personal or deficiency may be rendered, the court had no authority to render such a decree in a case of this kind. (*Bouton v. Cameron,* 205 Ill. 50, 66.) That part of the decree which rendered a personal or deficiency decree against Schafer & Olson is extrajudicial.

That part of the decree which orders, "That the said complainant, Edwin Pratt's Sons' Company have and recover of and from the said John A. Schafer & Louis F. Olson, a co-partnership, doing business under the firm name, style and description of Schafer & Olson the sum of $16,155.10, and costs of suit taxed and that the said complainant, Edwin Pratt's Sons' Company, a corporation and have execution therefor," is hereby reversed. The decree of the circuit court of Lee county is in all other respects affirmed.

The parties to this appeal will pay the cost incurred by them respectively, and the appellants are hereby charged, jointly and severally, for the costs of the appeal made or incurred by them or either of them.

*Affirmed in part and reversed in part.*