358

WILBUR WAGGONER EQUIPMENT RENTAL & EXCAVATING COMPANY, Plaintiff-Appellant, *v.* LEONARD JOHNSON *et al.*, Defendants-Appellees.

(No. 74-150;

Fifth District—June 9, 1975.

*Rehearing denied December 9, 1975.*

David M. Duree and Bernard A. Reinert, both of Belleville (Kenney, Leritz & Reinert, of counsel), for appellant.

Edward Neville, of East St. Louis, for appellees Leonard Johnson and Rufus Starks.

Robert H. Rice, State's Attorney, of Belleville, and Kenneth J. Schuessler, of East St. Louis, for appellees Lester J. Ruester and Western Surety Co.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals orders of the trial court dismissing its complaint for damages against the treasurer and superintendent of a school district and the Superintendent of Educational Service Region, and denying leave to file amendments to its complaint. This appeal considers the sufficiency of the complaint to state a cause of action against any of the defendants.

At the time pertinent plaintiff was a corporation engaged generally in the business of renting equipment and doing excavating work. Defendant Leonard Johnson was business manager and treasurer, and defendant Rufus Starks was the superintendent of School District No. 189 in East St. Louis, Illinois. Defendant Lester J. Ruester was the Superintendent of Educational Service Region for St. Clair County and defendant Western Surety Company, a corporation, was his bonding company. Defendants Johnson, Starks and Ruester are sued as individuals and not in their official capacity.

The pertinent paragraphs of plaintiff's complaint allege that on April 24, 1972, School District No. 189 entered into a contract with Romel Wilbon, d/b/a Wilbon Wrecking and Excavating Company, to furnish all labor, material and equipment for demolition and removal of Rock Junior High School in East St. Louis; between April 24, 1972, and May 26, 1972, at the request of Wilbon, plaintiff, on open account, furnished to Wilbon materials, labor, equipment and services per invoices attached, in the total amount of $6,022.97. On or about June 19, 1972, plaintiff notified the Board of Education of School District No. 189 of the sum

due plaintiff and of its claim for lien upon the money, bonds or warrants due or to become due Wilbon under the contract, said notification was by written notice attached to the complaint as Exhibit "F"; at the time of the service of the notice upon School District No. 189 the district was in possession of amounts due under its contract with Wilbon in excess of $6,022.97 and plaintiff's lien attached to said moneys, bonds and warrants and under section 23 of the mechanics' liens act (Ill. Rev. Stat., ch. 82, par. 23) it became the duty of School District No. 189 to withhold money to pay the amount due plaintiff. The complaint further alleged that defendants Leonard Johnson and Rufus Starks as the business manager-treasurer, and superintendent, of School District No. 189 were under the supervision and control of defendant Lester J. Ruester, Superintendent of Educational Service Region for St. Clair County, who had a statutory duty to exercise supervision and control over School District No. 189; on about July 10, 1972, the defendants Johnson and Starks, while under the supervision and control of defendant Ruester, disregarded, violated and breached the plaintiff's lien right under section 23 by paying Wilbon the remainder due him under the contract; defendant Ruester failed to discharge his duty as Superintendent of Educational Service Region for St. Clair County, thereby breaching his condition of his official bond in that he did not properly supervise and control School District No. 189 and the defendants Johnson and Starks in the administration of the contract fund. It was further alleged that defendant Ruester and defendant Western Surety Company had posted a surety bond in the sum of $12,000 conditioned upon the faithful discharge of his duties by defendant Ruester. Plaintiff prayed for judgment against each defendant for $6,022.97 plus interest and costs.

Exhibit "F" attached to plaintiff's complaint is written upon the printed letterhead of plaintiff and the body of the letter reads as follows:

"June 19, 1972

Board of Education District 189
240 North 6th Street,
East St. Louis, Illinois

Attention: Miss Carol Frye
Dear Miss Frye:
As per our telephone conversation of June 19, 1972, I am enclosing the outstanding invoices owed to me by Wilbon Wrecking Company for work at the Rock Junior High School.

I have called Mr. Wilbon several times but I have not been able to contact him. We hope you will take this [*sic*] invoices into consideration before making final payment to Wilbon Wrecking.

Sincerely,

WLW/mjk

Wilburn L. Waggoner
President"

Defendants Johnson and Starks moved for dismissal upon the ground that it appeared upon the face of the complaint that the notice was insufficient to comply with the applicable lien statute. Defendants Ruester and Western Surety Company filed separate motions to dismiss alleging the failure of the complaint to state a cause of action as to them.

■■ Upon argument on the motions the court entered an order finding that the Exhibit "F" notice of lien was insufficient and dismissed the complaint. The order recited that other issues raised in the motions to dismiss were not reached. Plaintiff thereupon filed a motion to set aside, or in the alternative, to amend the judgment order, and for leave to amend the complaint. The amendment to the order sought a ruling on other matters raised in the original motions to dismiss to empower the appellate court to consider them on appeal. The amendments to the complaint sought by plaintiff generally added more detail to the allegations regarding the duties of supervision and control by defendant Ruester. Following argument on the plaintiff's motions the trial court entered an order denying plaintiff's motion to vacate, or to amend the judgment and also for leave to amend the complaint. Plaintiff's notice of appeal was from both the orders above described and we thereby properly consider all issues disposed of by those orders. *Department of Transportation v. Galley*, 12 Ill.App.3d 1072, 299 N.E.2d 810.

■ ■■ A motion to dismiss admits all facts well pleaded as well as all reasonable inferences therefrom favorable to plaintiff. (*Johnson v. North American Life & Casualty Co.*, 100 Ill.App.2d 212, 241 N.E.2d 332.) However, an exhibit attached to a complaint controls, and a motion to dismiss does not admit allegations of a complaint in conflict with facts disclosed by the exhibit. (*Sangamon County Fair & Agricultural Assn. v. Stanard*, 9 Ill.2d 267, 137 N.E.2d 487; *Gray v. First National Bank*, 320 Ill.App. 682, 51 N.E.2d 797. Accordingly, in deciding the sufficiency of the notice of lien, Exhibit "F" to plaintiff's complaint, we are not bound by the allegations of plaintiff's complaint regarding the sufficiency of notice of lien, but may consider the notice itself together with allegations of facts pertaining to the sufficiency of the notice and its service. When so considered the notice and its service must be termed insuffi-

cient and we affirm the order of the trial court dismissing the complaint as to defendants Johnson and Starks.

The events antecedent to the filing of plaintiff's complaint make it plain that it was a subcontractor seeking to impose a lien upon public funds and obtain payment therefrom in accordance with section 23 of the mechanics' liens act (Ill. Rev. Stat., ch. 82, par. 23). The provisions of that statute require that the lien claimant shall notify the officials of the school district whose duty it is to pay the contractor of his claim by a written notice. It further provides that the lien claimant shall, within 60 days of filing such notice, commence proceedings by complaint for an accounting, making the contractor a party, and within the same period notify the officials of the school district of the commencement of the suit. The statute imposes upon the officials of the school district, upon receipt of the first notice, the duty to withhold from sums due the contractor an amount sufficient to pay the lien for the period limited for the filing of suit. Upon the expiration of the 60-day period the sums withheld by the officials shall be released for payment to the contractor unless the action for accounting shall have been instituted as provided.

■■ The remedy and procedure whereby a subcontractor may obtain payment from a contractor for the performance of public improvements is a creature of statute and accordingly the procedure provided in the statute must be followed. The plaintiff was in neither literal nor substantial compliance with that statute. Plaintiff's brief argues variously that notice of lien claim was given to (1) School District No. 189, (2) the School Board, (3) the Board of Education and (4) the persons whose duty it is to pay the contractor. Its complaint describes the persons whose duty it is to pay the contractor as defendants Leonard Johnson, business manager, and Rufus Starks, superintendent, of School District No. 189. It·is not alleged that the required notice was ever served or otherwise given to such officials individually. To the contrary, it appears from Exhibit "F" attached to plaintiff's complaint that a letter, purportedly the notice required by the statute, was addressed to the Board of Education of District 189 to the attention of Miss Carol Frye. The Board of Education is not described as "the officials whose duty it is to pay the contractor" and the position or status of Miss Frye is not described or alluded to in any manner either in the Exhibit or plaintiff's complaint. Presumably it was she who received the letter. Nowhere does it appear that she had any connection whatsoever with any of the officials involved. Not only is the notice faulty, the suit for accounting, required to be commenced within 60 days, was never instituted. Thus, plaintiff's attempt to comply with the governing statute was entirely abortive.

It is important to note that this is not a suit to foreclose a section 23 lien. Rather it is one against public officials personally and individually

for their defalcation in the performance of their official duties imposed by section 23. However, in view of the failure of plaintiff to follow the procedure provided in section 23 no duty devolves upon the officials charged and the trial court properly dismissed as to them.

While it appears from plaintiff's complaint that the Exhibit "F" notice was served by mail, and that it has been held that personal service of a section 23 notice is required (*Eastwood v. Road District No. 5*, 230 Ill.App. 281), plaintiff argues that service by ordinary first-class mail is sufficient compliance. Plaintiff relies upon *Watson v. Auburn Iron Works, Inc.*, 23 Ill.App.3d 265, 318 N.E.2d 508. The *Watson* case did not involve the assertion of a lien against public funds but was concerned with an ordinary subcontractor's lien under section 24 of the mechanics' liens act (Ill. Rev. Stat., ch. 82, par. 24). It held that where notice of the lien was properly served by certified mail, and the notice in question was actually received, it was immaterial that the delivery certificate failed to specify "delivery limited to addressee only." We have also considered other cases cited by plaintiff, *West Chicago Park Commissioners v. Western Granite Co.*, 200 Ill. 527, 66 N.E. 37, and *Edwin Pratt's Sons' Co. v. Schafer*, 290 Ill.App. 80, 7 N.E.2d 901, and consider that neither of them help the plaintiff's case. The *West Chicago Park Commissioners* case was concerned with the sufficiency of service of notice upon park commissioners and the *Edwin Pratt's Sons' Co.* case was concerned with the sufficiency of the filing of a notice with a State official. None of the cases cited by plaintiff deal with a misdirected notice such as we have here. However, since we have held the notice itself to be insufficient compliance with the notice required by section 23, its mode of delivery or service becomes immaterial.

In its complaint plaintiff also seeks recovery against defendant Ruester, Superintendent of Educational Service Region for St. Clair County, and his bonding company. The complaint alleges defendant Ruester is liable because of his failure to properly supervise, control and advise defendants Johnson and Starks who were the business manager-treasurer and superintendent, of School District No. 189. Plaintiff argues that the duty for such supervision and control is imposed upon the Superintendent of Educational Service Region by section 3—14.2 of the School Code (Ill. Rev. Stat., ch. 122, par. 3—14.2) which provides: "The county superintendent of schools [to be read as Superintendent of Educational Service Region, per section 3—.01] shall exercise supervision and control over all school districts within the county." Plaintiff contends that defendant Ruester has breached that duty and the breach is actionable.

Plaintiff's suit against the Superintendent of Educational Service Region in this type of action is totally without precedent or authority, either statutory or case. We note here, too, that section 2—3.3 of the

School Code (Ill. Rev. Stat., ch. 122, par. 2—3.3) provides that the State Superintendent of Public Instruction has the duty, "To supervise all the public schools in the State." Although there appears to be a coequal duty for supervision of schools placed upon the State Superintendent of Public Instruction, he is not joined as a defendant in plaintiff's action.

■■ The trial court properly dismissed the complaint as to the Superintendent of Educational Service Region. Plaintiff has failed to allege any facts, or cite any authority, to show the existence of a duty that was breached by defendant Ruester that caused plaintiff's loss. The statute cited by plaintiff directs the Superintendent of Educational Service Region to supervise school districts generally, not its officials in the particular, detailed performance of their duties. An examination of the statutory duties and functions of a Superintendent of Educational Service Region discloses that office to be a service office to local school districts within the service region. The office serves as an intermediary between the State Office of Public Instruction and the local school districts; it is an adjunct of the State office. The Superintendent of Educational Service Region is charged with overseeing compliance by local school districts with State educational policies and is not concerned with the control of the day-to-day operation of the school districts nor of their compliance with their contracts.

But we would add that we do not attempt here, in the posture of this case, to define or explain the supervisory duties of a Superintendent of Educational Service Region, but merely hold that such duties do not extend to the situation presented here.

In sum, plaintiff's complaint does not state a cause of action and the trial court properly dismissed it as to all defendants. Furthermore, it is apparent that plaintiff could never amend its complaint to state a cause of action, and the trial court properly refused plaintiff permission to amend.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.