2023 IL App (1st) 230015-U

THIRD DIVISION
December 6, 2023

No. 1-23-0015

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CONCRETE STRUCTURES/SACHI, J.V., CONCRETE STRUCTURES OF THE MIDWEST, INC., and SACHI CONSTRUCTION, INC., | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 2017 CH 13778 |
| CLARK/BULLEY/OVC/POWER, PRAIRIE DISTICT 3 PARTNERS, METROPOLITAN PIER AND EXPOSITION AUTHORITY, CLARK CONSTRUCTION GROUP, LLC, et al., | ) ) ) ) ) ) | Honorable Anthony C. Kyriakopoulos, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE R. VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   ***Held***:  We affirm the circuit court's denial of prejudgment interest and attorney fees where the request for those was premised on plaintiff's execution of a public lien.

¶ 2    This construction dispute arises from a general contractor's failure to compensate a subcontractor for concrete work that the subcontractor performed for the construction of a large hotel connected to Chicago's McCormick Place convention center. The construction project was funded by a local government entity existing under the laws of the state of Illinois. After the general contractor ignored multiple requests for payment from the subcontractor, the subcontractor recorded a public lien in the amount outstanding against the general contractor, local government entity, and other parties, and filed suit against them shortly thereafter. The circuit court ordered arbitration. At arbitration, the panel awarded the subcontractor the amount outstanding on the invoice along with other compensation, and found that the subcontractor was the prevailing party. The circuit court affirmed this award. Subsequently, the subcontractor requested the circuit court to grant it prejudgment interest and attorney fees. The circuit court denied this request. On appeal, the subcontractor argues that the court erred in denying the request because section 23 of the Mechanics Lien Act (Act) (770 ILCS 60/23 (West 2022)) allows prejudgment interest and attorney fees on public liens. For the following reasons, we affirm the circuit court's judgment.

¶ 3                                   BACKGROUND

¶ 4    In January 2015, the Metropolitan Pier and Exposition Authority (MPEA), a local government entity, contracted with Prairie District 3 Partners (PD3) to design and build a 41-story hotel on land owned by MPEA. PD3 hired Clark/Bulley/OVC/Power (CBOP) to act as general contractor for the project. In June 2015, CBOP contracted with Concrete Structures/Sachi, J.V. (Concrete Structures) to perform concrete work on the project.

¶ 5    CBOP did not pay Concrete Structures for its work. After multiple unsuccessful payment demands, Concrete Structures served a mechanics lien in the amount of $9,247,203 against the hotel project, MPEA, PD3, and CBOP, pursuant to section 23 of the Act. Within 90 days, Concrete

2

Structures filed a four-count complaint against those parties and others. Count I requested an accounting under section 23 of the Act; count II alleged a breach of contract claim against CBOP; count III asserted a bond claim against Concrete Structures' insurers; and count IV alleged an unjust enrichment claim against MPEA, PD3, CBOP, and those parties' joint venturers. Pursuant to the arbitration clause in its contract with Concrete Structures, CBOP moved to compel arbitration on counts II and IV. The circuit court granted CBOP's motion and stayed counts I and III pending arbitration.

¶ 6    The matter proceeded to arbitration before a three-member panel of the American Arbitration Association. By that time, CBOP had paid the subcontract balance down to $2,178,720. However, Concrete Structures requested more than $28,000,000 in damages, which included the outstanding balance, plus approximately $10,000,000 in labor productivity damages and increased subcontractor costs, among others. CBOP counterclaimed more than $3,500,000 in damages due primarily to the extended duration of the concrete work. The arbitration panel issued Concrete Structures an interim award of $10,629,741, which included the outstanding balance and $6,448,344 in labor productivity damages. The panel also awarded damages incurred due to extended project hours and other delays. The panel did not award CBOP any damages.

¶ 7    In its final arbitration decision, the panel awarded Concrete Structures $27,026.75 in attorney fees, which was only a fraction of what Concrete Structures requested, reasoning that most of Concrete Structures' attorney fees were paid by CBOP's insurance carrier. It also awarded Concrete Structures 5% prejudgment interest for the period of time between the issuance of the interim award and the final award. Thus, the final award amounted to $10,656,767.75 plus 5% interest.

¶ 8    Concrete Structures filed a motion to confirm the arbitration award, which the circuit court granted. CBOP paid Concrete Structures the arbitration award in full. Concrete Structures, CBOP, and MPEA then filed cross-motions for summary judgment on counts I (accounting pursuant to section 23 of the Act) and III (payment bond claim against Concrete Structures' insurers), both of which the circuit court had stayed pending arbitration. The court denied Concrete Structures' motion for summary judgment, declined to award it further prejudgment interest and attorney fees, and granted CBOP's and MPEA's motions as to both counts. However, count III remains pending in the circuit court because Concrete Structures filed a motion to reconsider the grant of summary judgment. The court's order included Rule 304(a) (eff. Mar. 8, 2016) language, which allowed Concrete Structures to appeal the summary judgment ruling as to count I.

¶ 9    Because CBOP already paid the entirety of the arbitration award, the sole question before us is whether the circuit court erred in its refusal to award Concrete Structures prejudgment interest and attorney fees under section 23 of the Act.

¶ 10                                          ANALYSIS

¶ 11    On appeal, Concrete Structures argues that the circuit court erred in refusing to consider and award prejudgment interest and attorney fees. Concrete Structures contends that section 23 of the Act, which deals with public liens, permits an award of prejudgment interest and attorney fees. Defendants argue that section 23 does not allow prejudgment interest and attorney fees, as it is the only section of the Act that applies to public liens, and it does not mention prejudgment interest and attorney fees.

¶ 12    Summary judgment is appropriate only when the pleadings, depositions, and affidavits show that there is no genuine issue of material fact. 735 ILCS 5/2-1005(c) (West 2022); *Onsen v. Commonwealth Edison Co.*, 261 Ill. App. 3d 271, 272 (1994). Summary judgment is proper when

the parties agree on the material facts, but disagree on the correct construction of a statute. *Onsen*, 261 Ill. App. 3d at 272. We review the circuit court's grant of summary judgment *de novo*. *Construction Systems, Inc. v. FagelHaber, LLC*, 2019 IL App (1st) 172430, ¶ 21 (citing *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008)). *De novo* review means we engage in the same analysis as the circuit court. *Pan v. King*, 2022 IL App (1st) 211482, ¶ 16.

¶ 13    Section 1(a) of the Act reads, in relevant part:

"Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land or for the purpose of improving the tract of land, or to manage a structure under construction thereon, is known under this Act as a contractor and has a lien upon the whole of such lot or tract of land and upon adjoining or adjacent lots or tracts of land of such owner constituting the same premises and occupied or used in connection with such lot or tract of land as a place of residence or business; and in case the contract relates to 2 or more buildings, on 2 or more lots or tracts of land, upon all such lots and tracts of land and improvements thereon for the amount due to him or her for the material, fixtures, apparatus, machinery, services or labor, and interest at the rate of 10% per annum from the date the same is due." 770 ILCS 60/1(a) (West 2022).

¶ 14    Section 17(b) of the Act reads, in relevant part:

"If the court specifically finds that the owner who contracted to have the improvements made failed to pay any lien claimant the full contract price, including extras, without just cause or right, the court may tax that owner, but not any other party, the reasonable

attorney's fees of the lien claimant who had perfected and proven his or her claim." 770 ILCS 60/1(a) (West 2022).

¶ 15  Section 23 (Liens against public funds) of the Act reads, in relevant part:

"Any person who shall furnish labor, services, material, fixtures, apparatus or machinery, forms or form work to any contractor having a contract for public improvement for any county, township, school district, city, municipality, municipal corporation, or any other unit of local government in this State, shall have a lien for the value thereof on the money, bonds, or warrants due or to become due the contractor having a contract with such county, township, school district, municipality, municipal corporation, or any other unit of local government in this State under such contract. The lien shall attach only to that portion of the money, bonds, or warrants against which no voucher or other evidence of indebtedness has been issued and delivered to the contractor by or on behalf of the county, township, school district, city, municipality, municipal corporation, or any other unit of local government as the case may be at the time of the notice." 770 ILCS 60/23 (West 2022).

¶ 16  Here, we must determine whether the Act allows public lien claimants to recover prejudgment interest and attorney fees. In statutory construction, our "primary objective is to ascertain and give effect to the intent of the legislature." *O'Casek v. Children's Home and Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008). The most reliable indicator of the legislature's intent is the language of the statute, given its plain and ordinary meaning. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 181 (2007). Where the language is plain and unambiguous, we apply the statute without resort to further aids of statutory construction. *In re Commitment of Fields*, 2014 IL 115542, ¶ 32.

¶ 17     The purpose of the Act is to "permit a lien on premises when the owner has received a benefit, and the furnishing of labor and materials have increased the value or improved the condition of the property." *Weather-Tite, Inc. v. University of St. Francis*, 233 Ill. 2d 385, 391 (2009). That is, "the purpose of the Act is to protect contractors and subcontractors providing labor and materials for the benefit of an owner's property." *Id.* Section 23 of the Act "specifically applies to the enforcement of a lien against a public entity." *Struebing Const. Co., Inc. v. Golub-Lake Shore Place Corp.*, 281 Ill. App. 3d 689, 693 (1996). Additionally, our supreme court has held that only section 23 of the Act governs public liens: "[t]he other sections of the Mechanic's Lien Act do not deal with municipalities and liens upon their funds, consequently there is an absence of relationship between section 23 and the rest of the act." *Alexander Lumber Co. v. Coberg*, 356 Ill. 49, 54 (1934). Our appellate courts have consistently followed this supreme court precedent. See, *e.g.*, *Luise, Inc. v. Village of Skokie*, 335 Ill. App. 3d 672, 679 (2002) ("Lien claims for public improvements confer rights only upon funds appropriated to finance public improvements, not upon real property. The other sections of the Act, sections 1 and 21, pertain to liens on private property and therefore do not apply to the present case."); *Aluma Systems, Inc. v. Frederick Quinn Corp.*, 206 Ill. App. 3d 828, 841 (1990) ("The only section of the Act which pertains to liens on funds for public improvements (public mechanics' liens) is the current section 23, and it is a matter of settled law that only section 23 governs the preservation and enforcement of liens on public funds."); *Anderson "Safeway" Guard Rail Corp. v. Champaign Asphalt Co.*, 131 Ill. App. 2d 924, 929 (1971) ("***[t]he language of section 23 of the Mechanics' Lien Act is clear that only that section of the act governs liens on public improvements. The other sections of that act have no application to public fund liens.").

7

¶ 18    Section 23 is silent as to prejudgment interest and attorney fees, whereas section 1(a) of the Act specifically provides for a 10% prejudgment interest rate, and section 17(b) provides for attorney fees. 770 ILCS 60/1(a), 17(b) (West 2022). As the *Coberg* court held, there is no relationship between section 23 and the other two sections. Because there is no relationship between the two sections, we decline to read the 10% prejudgment interest rate of section 1(a), and the attorney fee provision of section 17(b), into section 23, which deals only with public liens. Based on supreme court precedent and the language of the statute, we are not convinced that section 23 allows public lien claimants to recover prejudgment interest and attorney fees. We turn now to the case law Concrete Structures has cited in support of its argument.

¶ 19    Concrete Structures cites two cases in support of its contention that it can claim prejudgment interest and attorney fees on its public lien.[1] In *West Chicago Park Commissioners v. Western Granite Co.*, 200 Ill. 527 (1902), a municipality paid a general contractor in full despite having notice that a subcontractor filed a public lien against it. *Id.* at 530-31. In doing so, the municipality violated the Act's requirement that it must "withhold a sufficient amount to pay such claim." *Id.* at 531. Our supreme court declined to disturb the award of prejudgment interest and attorney fees because the municipality willfully violated the Act's requirement that it withhold sufficient funds to pay the lien amount. In this case, there is no indication or allegation that MPEA violated this requirement. Indeed, MPEA withheld payment to CBOP in an amount more than sufficient to cover the lien claim. As there is no evidence of a violation of the Act here, *Western Granite*'s holding does not apply.

---

[1] Concrete Structures has cited two other cases, *O'Connor Construction Co. v. Belmont Harbor Home Development*, 391 Ill. App. 3d 533 (2009) and *Roy Zenere Trucking & Excavating, Inc. v. Build Tech, Inc.*, 2016 IL App (3d) 140946, but we find them inapplicable because they dealt exclusively with private liens.

¶ 20    *Northwest Water Comm'n v. Carlo V. Santucci, Inc.*, 162 Ill. App. 3d 877 (1987), involved a public entity that violated the requirements of the Act. In *Santucci*, a subcontractor recorded a lien against a municipal corporation, which used funds that it should have withheld pursuant to the Act to complete the improvement project that formed the basis for the lien. *Id.* at 882. This court held that "the law is clear that a municipal corporation is not liable for interest on claims against it in the absence of an express agreement to pay interest, except where money is wrongfully obtained or illegally held by the municipality." *Id.* at 896 (citing *Morgan v. Rockford*, 375 Ill. 326, 328 (1941)). The court found that the municipal corporation's conduct fell within the exception, as the municipal corporation failed to withhold sufficient funds pursuant to the Act. Accordingly, the court allowed the award of prejudgment interest and attorney fees. Again, the present case does not fall within that exception, and therefore *Santucci*'s holding does not apply here either.

¶ 21    Concrete Structures also argues that there is "no legitimate reason" why unpaid subcontractors on private projects, and not unpaid subcontractors on public projects, should be awarded prejudgment interest and attorney fees. This argument appears to be based on policy considerations. However, we need not reach any public policy considerations in our decision. "Any considerations of public policy are superfluous when the statutory language is clear." *People ex rel. Madigan v. Bertrand*, 2012 IL App (1st) 111419, ¶ 36 (citing *Hadley v. Department of Corrections*, 362 Ill. App. 3d 680, 687 (2005)). As this court has held,

> "An inquiry into public policy in an attempt to construe a statute is unnecessary where the
> statutory language is clear and unambiguous. [Citation.] Where, as here, the language of a
> statute is clear and unambiguous, there is no occasion for judicial construction; the only
> proper function of a court is to enforce the law as enacted by the legislature according to

the plain meaning of the words used." *Golladay v. Allied American Insurance Co.*, 271 Ill. App. 3d 465, 469 (1995).

Because the Act clearly does not provide for prejudgment interest or attorney fees for public lien claimants, and no court has awarded prejudgment interest or attorney fees absent a violation of the Act, we need not consider Concrete Structures' policy argument. Even assuming, *arguendo*, that the Act does allow a public lien claimant to request prejudgment interest and attorney fees, we find no evidence in this record that the circuit court abused its discretion in denying Concrete Structures' request. See *Kleczek v. Jorgensen*, 328 Ill. App. 3d 1012, 1025 (2002) (holding that determinations denying prejudgment interest are not disturbed absent an abuse of discretion).

¶ 22    We find no support in the language of the Act, nor in the case law that Concrete Structures has cited, for the proposition that public lien claimants can be awarded prejudgment interest and attorney fees. To the contrary, our supreme court and appellate courts have consistently held that section 23 is the only part of the Act that governs public liens, and it does not permit an award of prejudgment interest and attorney fees. Accordingly, we hold that the circuit court did not err in declining to award Concrete Structures prejudgment interest and attorney fees.

¶ 23                                    CONCLUSION

¶ 24    For these reasons, we affirm the circuit court's judgment.

¶ 25    Affirmed.